IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

XZAVIOR GOODWIN,

                Plaintiff,

v.                                               OPINION & ORDER

CORRECTIONAL OFFICER ZERBER and          17-cv-844-jdp
MICHAEL DITTMAN,

                Defendants.

---

Plaintiff Xzavior Goodwin, appearing pro se, is a prisoner at the Columbia Correctional Institution. He brings this lawsuit, alleging that a correctional officer gave him the wrong medication and that he failed to receive prompt medical attention after he fell because of dizziness he suffered from the medication.

Goodwin has made an initial partial payment of the filing fee for this lawsuit, as previously directed by the court. The next step in this case is for me to screen the complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A.

Because Goodwin is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). After considering his allegations, I will allow him to proceed on an Eighth Amendment claim that defendant Correctional Officer Zerber failed to get him prompt medical attention after he fell. But I will stay service of the complaint so that Goodwin can correct other problems with his allegations preventing him from proceeding with other claims.

ALLEGATIONS OF FACT

Goodwin is incarcerated at the Columbia Correctional Institution. On December 21, 2016, defendant Correctional Officer Zerber performed the night medication pass. He gave Goodwin medication and said "these are your new pills." Goodwin swallowed them. As Zerber set the medication back in the cart, he told Goodwin that he gave him "Gordon's" medication. Goodwin told Zerber his last name. Zerber said "oops, then hurried and put Gordon's medication back in the cart." Goodwin asked Zerber to see what medication he had been given, but Zerber said "he don't know where he put them." Zerber offered Goodwin his correct medication, but Goodwin refused because he was concerned about the medication he had already taken.

Sergeant Gavinski called the Health Services Unit (HSU), and Goodwin was seen by Nurse Jess and Nurse Young at his cell. Goodwin said that he had a slight headache, his legs were weak, his mouth was dry, and he "didn't feel good at all." Jess took his vitals but did not take him back to the HSU. Goodwin's blood pressure was high, despite him not having a history of hypertension. By this time, Goodwin had pain in his legs "as if weights were tied around them," blurred vision, a stomachache, dizziness, and a painful, long-lasting erection.

Later than night, Goodwin attempted to climb onto his top bunk, but he was dizzy and lightheaded. He slipped and fell. His leg was bruised and bleeding, and he says he also suffered injuries to his neck, face, and shoulders. Defendant Zerber said he would call the HSU. A half hour later, Sergeant Gavinski came to Goodwin's cell and asked what was wrong. Goodwin asked to be seen by the HSU. Gavinski said that the HSU would not see him "unless [he] was dying" but he did contact the HSU. HSU staff told Gavinski to give Goodwin a bandage, which Goodwin considered far too little to treat his injuries.

ANALYSIS

Goodwin contends that defendants Correctional Officer Zerber and Warden Michael Dittman violated his Eighth Amendment rights. The Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

It is unclear whether Goodwin attempts to bring an Eighth Amendment claim against Zerber for giving him the incorrect medication, because he states in his complaint that Zerber was negligent for doing so. I agree with this assessment: there is nothing in Goodwin's allegations that suggest that Zerber intentionally gave him the incorrect medication. Mere negligence does not violate the Eighth Amendment, so Goodwin cannot bring an Eighth Amendment claim against Zerber for giving him the incorrect medication. I would allow Goodwin to proceed on a negligence claim, but I cannot because he does not explain whether he has complied with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82, by notifying the attorney general about his state law claims. This notice is required before a plaintiff can sue defendants under state law theories. Section 893.82(3) states:

> Except as provided in sub. (5m), no civil action or civil proceeding may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employee's or agent's duties …

3

> unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employee or agent involved.

Goodwin does not address the notice-of-claim requirement in his complaint, so I cannot allow him to proceed on a negligence claim at this point. I will give him a short time to submit a supplement to his complaint explaining whether he has complied with the notice-of-claim statute.

Goodwin also appears to attempt to bring claims against the nurses who only took his vitals instead of taking further action after hearing about his being given incorrect medication, but he does not name those nurses as defendants, so he cannot proceed on claims against them. He is free to amend his complaint to name those nurses as defendants in the caption if he so chooses.

Goodwin alleges that after he fell, Zerber told him he would contact the HSU, but that he had no further HSU contact until Gavinski spoke with him a half hour later. This suggests that Zerber did not attempt to contact the HSU even after Goodwin had sustained injuries from his dizziness. This is enough to support an Eighth Amendment claim against Zerber for refusing to get him help. I will stay service of the complaint upon Zerber to give Goodwin a chance to fix the various other problems with his complaint as explained in this order.

Goodwin also alleges that HSU staff gave him an extremely inadequate offer of a bandage for his injuries, which might support an Eighth Amendment claim, but he does not name the HSU staff who made that offer as defendants. If Goodwin wants to sue these

4

individuals but does not know their actual identities, in his amended complaint he should refer to these individuals as "John Doe No. 1," "John Doe No. 2," and so on.

Finally, Goodwin names Warden Dittman as a defendant, but he does explain what personal involvement he had in any of the alleged violations of his rights. When he amends his complaint, he should explain what role Dittman played in these events.

ORDER

IT IS ORDERED that:

1. Plaintiff Xzavior Goodwin is GRANTED leave to proceed on an Eighth Amendment claim against defendant Correctional Officer Zerber.

2. Service of the complaint is STAYED. Goodwin may have until January 2, 2018, to submit an amended complaint addressing the various problems discussed in this order. If Goodwin does not submit an amended complaint by this deadline, the case will proceed with only his claim against Zerber.

Entered December 14, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge