IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

XZAVIOR GOODWIN,

                      Plaintiff,

  v.                                                            ORDER

TREVOR ZERBE,                                       17-cv-844-jdp

                      Defendant.

---

Plaintiff Xzavior Goodwin, appearing pro se, is a prisoner at the Columbia Correctional Institution. He alleges that defendant Correctional Officer Trevor Zerbe failed to get him prompt medical attention after he fell while trying to climb his bunk.

Goodwin says that the reason he fell is because he was dizzy from Zerbe having given him another inmate's medication. In my December 14, 2017 order screening the complaint, I concluded that the Eighth Amendment claim was the only claim on which he could proceed. *See* Dkt. 8. In particular, I did not allow him proceed on claims against nurses who failed to give him medical treatment beyond taking his vitals, or against Health Services Unit staff, who offered him only a bandage for what he says were serious injuries, because he did not name any of those officials as defendants. *Id.* at 4–5. Goodwin did name Warden Michael Dittman as a defendant, but he did not allege what Dittman did to violate his rights. *Id.* at 5. And I did not allow Goodwin to proceed on a negligence claim against Zerbe for giving him the incorrect medication because he did not explain whether he complied with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82. *Id.* at 3–4.

I gave Goodwin a chance to amend his complaint to fix his pleading problems, but he did not file an amended complaint or otherwise respond to my order. So on March 6, 2018, I ordered the complaint served on Zerbe, and the case progressed from there.

On November 28, 2018, Goodwin filed a motion for leave to amend the complaint, Dkt. 19, and a proposed amended complaint, Dkt. 20. I take him to be attempting to add both Eighth Amendment and state-law negligence claims: all of the claims mentioned above, as well as claims against a nurse for improperly administering the medication-distribution system, and against a correctional sergeant for failing to arrange for proper medical treatment after Goodwin's injury. Defendant Zerbe opposes the motion, stating that it is too late for Goodwin to amend the complaint and that he failed to comply with the notice-of-claim statute.

I agree with defendant and I will deny Goodwin's motion for leave to amend his complaint. It is far too late for Goodwin to amend his complaint to fix the problems discussed in the December 2017 order. I gave him a January 2, 2018 deadline to amend his complaint to fix those problems, yet he waited until late November 2018 to file his proposed amended complaint, almost 11 months past the deadline. Even if he needed to conduct some discovery to reveal the basis for some of his new claims, he should not have needed anywhere close to 11 months to conduct that discovery. And in any event, he never filed a motion for extension of time to amend his complaint to conduct that discovery. I also agree that Goodwin cannot bring a negligence claim against Zerbe because Goodwin's notice of claim was sent in early June 2017, well past 120 days from the December 21, 2016 incident.

Goodwin contends that he should be excused for the long delay because he needs the help of jailhouse lawyers to assist him, and that the inmate who helped him file his original complaint was transferred, and he had difficulty arranging to confer with his new jailhouse

2

lawyer, Oscar McMillian. Goodwin says that he and McMillian prioritized Goodwin's criminal appeal over this case, and that McMillian had other prisoners' cases to work on too. But Goodwin does not explain why he was unable to perform the relatively simple task of responding to the court by amending the caption of his complaint to include the new defendants he wished to sue and then explaining what each did to harm him. Nor does he explain why he did not file a motion for an extension of time. Even if he had asked for an extension of time before his original January 2018 deadline had run, it is almost certain that I would not have allowed him 11 months to amend his complaint.

It was Goodwin's choice to file this case, so he has to decide how best to juggle both his civil and criminal cases, just like any other litigant. And if his jailhouse lawyer is too busy with other projects, Goodwin should consider getting other help from other sources or doing the work himself. As McMillian has argued in other cases, he now argues that the DOC makes it very difficult for jailhouse lawyers to help inmates. But the circumstances here come nowhere close to showing that Goodwin's right of access to the court is really the issue. In this case, Goodwin simply waited far too long to amend his complaint.

Zerbe filed a motion to stay the January 14, 2019 dispositive motions deadline, Dkt. 28, which I will grant. The new dispositive motions date will be March 22, 2019.

ORDER

IT IS ORDERED that:

1. Plaintiff Xzavior Goodwin's motion for leave to amend the complaint, Dkt. 19, is DENIED.

2. Defendant Trevor Zerbe's motion to stay the dispositive-motions deadline, Dkt. 28, is GRANTED. The schedule is amended as stated above.

Entered February 21, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge