```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF WISCONSIN
```

XZAVIOR GOODWIN,

                      Plaintiff,

   v.                                                    ORDER

TREVOR ZERBE,                            17-cv-844-jdp

                      Defendant.

---

      Plaintiff Xzavior Goodwin, appearing pro se, is a prisoner at Columbia Correctional Institution (CCI). He alleges that defendant Correctional Officer Trevor Zerbe failed to get him prompt medical attention after he fell while trying to climb his bunk. Zerbe has filed a motion for summary judgment, Dkt. 30, to which Goodwin has not yet responded. Instead, he filed a motion for extension of time, Dkt. 36, stating that his legal materials were confiscated from his jailhouse lawyer, Oscar McMillian. Goodwin, through McMillian, asks for an evidentiary hearing on the matter, stating that his right of access to the courts has been disrupted by the confiscation and the prison policy forcing Goodwin and McMillian to share items by mailing them to each other even though they reside on the same unit.

      The state has responded to Goodwin's motion. Dkt. 37. Zerbe does not object to extending Goodwin's deadline to file a summary judgment response. Zerbe's counsel says that new copies of Zerbe's summary judgment motion and supporting materials have been sent to Goodwin and that no discovery has been exchanged in the case. Counsel also discussed the circumstances under which McMillian's legal materials were confiscated during a prison lockdown. Zerbe's counsel contends that McMillian's total legal property, apparently including files from many inmate litigants, far exceeded DOC's property limitation.

Goodwin responds, seeking to strike the declaration of CCI litigation coordinator Linda Alsum-O'Donovan attached to the state's response. Dkt. 39. He contends that Alsum-O'Donovan recounted events about the confiscation of McMillian's materials that were not within her personal knowledge and instead relied on hearsay testimony from unnamed sources.

This is not the first time I have taken up the question of a prisoner litigant's materials confiscated from McMillian. *See Williams v. Smith*, No. 14-cv-789-jdp, 2019 WL 330173, at *1 (W.D. Wis. Jan. 25, 2019); *Pacheco v. Tegels*, No. 15-cv-178-jdp, Dkt. 21, at 2–3 (W.D. Wis. Jan. 17, 2018). As in those cases, there is no need to hold a hearing about the confiscation of McMillian's materials; the relevant issue is Goodwin's access to the courts, not any alleged violation of McMillian's constitutional rights. I will deny Goodwin's motion to strike Alsum-O'Donovan's declaration as unnecessary. The prejudice to Goodwin appears to have been rectified by Zerbe giving Goodwin new copies of the confiscated materials. And Goodwin has not given me reason to think that the DOC's mailing policy violates his right of access to the courts.

I will grant Goodwin's unopposed motion for an extension of time to respond to Zerbe's summary judgment motion, and I will set a new schedule for briefing the summary judgment motion in the order below. Given the late July trial date, Zerbe has filed a motion to strike the trial date and associated pretrial-filing deadlines, Dkt. 42, which I will grant. Zerbe also asks for an extension of the discovery deadline in the event that summary judgment is denied. I will extend the discovery deadline for that purpose as well as for Goodwin to make any last-minute discovery requests he needs. I expect Zerbe to respond quickly to such a request.

Goodwin now has the summary judgment motion and the evidentiary materials that Zerbe relies upon. He should keep a copy for himself and he should share a copy with

McMillian if he intends to continue to have McMillian assist him. If there are any documents on the court's docket that Goodwin needs, he should send the clerk of court a letter explaining what documents he needs.

ORDER

IT IS ORDERED that:

1. Plaintiff Xzavior Goodwin's motion to strike Linda Alsum-O'Donovan's declaration, Dkt. 39, is DENIED.

2. Plaintiff's motion for an extension of time to file his summary judgment response, Dkt. 36, is GRANTED. Plaintiff may have until July 29, 2019, to submit his response. Defendant Trevor Zerbe may have until August 12, 2019, to file his reply.

3. Defendant Trevor Zerbe's motion to strike the trial date and associated pretrial-filing deadlines, Dkt. 42, is GRANTED. Should the case survive summary judgment, I will direct the clerk of court to set a scheduling conference to reset those dates.

4. Defendant's motion to extend the discovery deadline, Dkt. 42, is GRANTED. The new deadline is August 28, 2019.

Entered June 25, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge