IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

XZAVIOR GOODWIN,

                               Plaintiff,

  v.                                                                       ORDER

TREVOR ZERBE,                                          17-cv-844-jdp

                              Defendant.

---

Plaintiff Xzavior Goodwin alleges that defendant Correctional Officer Trevor Zerbe failed to get him prompt medical attention after he fell while trying to climb his bunk. Zerbe has filed a motion for summary judgment, Dkt. 30, to which Goodwin has not yet responded. I granted Goodwin an extension of time after he said that his legal materials were confiscated from his jailhouse lawyer, Oscar McMillian. *See* Dkt. 43. Goodwin, through McMillian, asked for an evidentiary hearing, stating that his right of access to the courts was disrupted by the confiscation and the prison policy forcing Goodwin and McMillian to share items by mailing them to each other even though they reside on the same unit. Dkt. 36. I denied the request for an evidentiary hearing, stating that Goodwin hadn't shown that the mailing policy violated his right of access to the courts, and that the state had provided Goodwin with new copies of the materials confiscated from McMillian Dkt. 43. I set a new summary judgment opposition deadline for Goodwin and told him that he should contact the clerk of court if he needed any of the documents on the court docket. *Id.*

Instead of filing a summary judgment response, Goodwin has filed a motion for reconsideration of my order denying him relief regarding his access-to-the-courts allegations. Dkt. 44. But Goodwin did not really file the motion. The document states that it is from

Goodwin, with a signature purporting to be from Goodwin. But the signatures on that motion and on Goodwin's reply brief, Dkt. 49, are clearly McMillian's. Here are the signatures on the motion for reconsideration and the reply brief:

/S/: Xzavian Goodwin-OBM.
Xzavior L. Goodwin    #603124-A

/S/: Xzavian Goodwin-OBM.
Xzavior L. Goodwin    #603124

This isn't the same handwriting as seen on materials filed directly by Goodwin: the following two signatures are from Goodwin's complaint, Dkt. 1, and his objection to a declaration filed by Zerbe, Dkt. 39.

Xzavior Goodwin

Respectfully Filed By:
Xzavior Goodwin
Xzavior L. Goodwin,    Pro Se.

This is McMillian's signature on his own declaration provided in support of the reconsideration motion, Dkt. 50:

Signed By:
Oscar B. McMillian
Oscar B. McMillian  #042747A

From the section symbol and initials on Goodwin's latest filings, it appears that perhaps McMillian intended to sign those documents on behalf of Goodwin. But given McMillian's long history of working as a jailhouse lawyer, he surely knows that he cannot sign documents

2

on a plaintiff's behalf. Because the motion for reconsideration and reply brief were not properly filed with Goodwin's signature, I will strike them from the record. In any event, even if the documents had been properly filed, I would deny the motion for reconsideration because once again, McMillian approaches the issue as being his own right to serve as a jailhouse lawyer, rather than Goodwin's right of access to the courts. That type of claim belongs in a lawsuit brought by McMillian, not this one. The only relevant question is whether Goodwin is unable to litigate his claims, and Goodwin has not presented evidence showing that to be the case.

Goodwin's task at this point is to respond to Zerbe's motion for summary judgment. This is a relatively simple case about whether Zerbe failed to get Goodwin prompt medical attention after Goodwin was injured, and now Goodwin needs to explain how he knows that Zerbe delayed in getting him help or refused to do so. Goodwin should submit a brief opposing Zerbe's motion for summary judgment, responses to Zerbe's proposed findings of fact, and evidence supporting Goodwin's proposed facts. I will give him a final chance to submit these materials, with no more extensions of time. If Goodwin fails to respond by the deadline set below, I will consider Zerbe's motion to be unopposed. I will not accept any filing from Goodwin unless it bears *Goodwin's* signature.

I will direct the clerk of court to send Goodwin another copy of Zerbe's summary judgment materials and the court's preliminary pretrial conference order, which includes instructions on how to file summary judgment materials.

ORDER

IT IS ORDERED that:

1. Plaintiff Xzavior Goodwin's motion for reconsideration, Dkt. 44, and reply brief, Dkt. 49, are STRUCK from the record.

2. Plaintiff may have until March 10, 2020, to submit his materials opposing defendant Trevor Zerbe's motion for summary judgment. Defendant may have until March 17, 2020, to submit a reply.

3. The clerk of court is directed to send plaintiff a copy of the court's preliminary pretrial conference order and attachments, Dkt. 18, and defendant's summary judgment materials, Dkt. 30–34.

Entered February 24, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge