IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

XZAVIOR GOODWIN,

                          Plaintiff,

   v.                                                             OPINION and ORDER

TREVOR ZERBE,                                          17-cv-844-jdp

                        Defendant.

---

      Plaintiff Xzavior Goodwin, appearing pro se, alleges that defendant Correctional Officer Trevor Zerbe failed to get him prompt medical attention after he fell while trying to climb his bunk. Zerbe has filed a motion for summary judgment. Dkt. 30. But Goodwin did not respond even after I granted him an extension of time after he said that his legal materials were confiscated from his jailhouse lawyer, Oscar McMillian, Dkt. 43. Instead, Goodwin continued to press access-to-the-courts arguments about the difficulties Goodwin and McMillian had in sharing legal materials. In response to my order rejecting these arguments and directing Goodwin to file his summary judgment response, the court received a motion for reconsideration that McMillian signed using Goodwin's name. I struck that motion from the record and gave Goodwin a final chance to file a summary judgment response bearing his signature. *See* Dkt. 52.

      Goodwin has not responded. Instead, the court received an unsigned motion for the court's assistance in recruiting counsel, stating that McMillian will no longer be helping Goodwin, that Goodwin has a grade-school education level, and that Goodwin has a history of mental illness. Dkt. 53. It's clear from the other documents on the record that McMillian has prepared this filing. It remains unsigned, even after the clerk of court wrote to Goodwin telling

him to refile it, so I cannot consider it. I'll strike it from the record. Even if I did consider the filing as a motion for recruitment of counsel, I would deny it because nothing in it shows that Goodwin needs counsel. In particular, there's no evidence suggesting that Goodwin is so limited that he could not sign and file his own motion explaining his abilities to proceed on his own.

As I warned Goodwin in my last order, because he has failed to file a summary judgment response, I will now consider Zerbe's summary judgment motion to be unopposed. After reviewing Zerbe's summary judgment materials, I conclude that the undisputed facts show that Zerbe did not disregard Goodwin's condition, so I will grant summary judgment to Zerbe and dismiss the case.

UNDISPUTED FACTS

Plaintiff Xzavior Goodwin is an inmate at Columbia Correctional Institution (CCI). Defendant Trevor Zerbe is a correctional officer at CCI.

On the evening of December 21, 2016, Goodwin told security staff that he believed he had been given the incorrect medication during that evening's medication pass.[1] Between around 9:00 and 10:00 that night, Goodwin was seen by a nurse with the Health Services Unit (HSU) at his housing unit, and his vital signs were taken.

Later that night, Goodwin asked Zerbe to have a nurse see him again because he was not satisfied with the examination that he had received earlier, and he was continuing to suffer symptoms from having ingested the incorrect medication. Zerbe did not notice any physical

---

[1] In his complaint, Goodwin alleged that it was Zerbe who gave him the incorrect medication. But I did not grant Goodwin leave to proceed with any claims about Zerbe giving him incorrect medication. *See* Dkt. 8.

injuries requiring medical attention. Nonetheless, Zerbe made numerous calls to the on-duty nurse that evening and into the early morning hours, but he did not receive an answer. Defendant Zerbe also called the on-duty security supervisor and Zerbe was advised that the supervisor would continue to try calling the on-duty nurse as well. During his hourly checks on the unit, Zerbe made it a point to see how Goodwin was doing. In the early morning hours, Goodwin was still awake and said that he was doing better. Zerbe passed on Goodwin's complaints from the evening to staff on the incoming shift.

ANALYSIS

I granted Goodwin leave to proceed on a claim that defendant Zerbe violated his rights under the Eighth Amendment to the United States Constitution by failing to get him prompt medical attention after he fell while trying to climb his bunk.

The Eighth Amendment prohibits prison officials from acting with conscious disregard toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A defendant "consciously disregards" an inmate's need when the defendant knows of and disregards "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996).

In his non-verified complaint, Goodwin alleged that he met with Zerbe after he had injured himself by falling as he attempted to climb onto his top bunk, because he was dizzy and lightheaded from the medication he had taken. At summary judgment, Zerbe agrees that he spoke with Goodwin, but that Goodwin complained only of symptoms from the medication he had been given and what he thought was inadequate treatment earlier by the HSU nurse. Goodwin did not say anything about falling from his bunk, and Zerbe didn't notice Goodwin having any physical injuries. Goodwin didn't file a summary judgment response, so he doesn't counter with any evidence backing his original allegations.

Zerbe's unopposed evidence shows that he didn't consciously disregard Goodwin's injuries from a fall because he didn't know about those injuries. But even if it were disputed whether Zerbe knew about the injuries—either because Goodwin told him about the injuries or because the injuries were visible—Zerbe still wouldn't be liable under the Eighth Amendment because he didn't disregard Goodwin's health after talking to him. In his complaint, Goodwin alleged that Zerbe told him that he would contact the HSU, but that Zerbe must not have followed through, because Goodwin got medical help only after he spoke with Zerbe's supervisor. But at summary judgment, the undisputed facts show that Zerbe in fact repeatedly called the on-duty nurse after he met with Goodwin. Zerbe also knew that his supervisor was also placing calls to the on-call nurse to get him medical attention, and Zerbe made hourly checks on the unit and passed on Goodwin's concerns to the next shift's officers. Given Zerbe's efforts to help Goodwin, no reasonable jury could find in Goodwin's favor on his Eighth Amendment claim.

ORDER

IT IS ORDERED that:

1. Dkt. 53 is STRUCK from the record.

2. Defendant Trevor Zerbe's motion for summary judgment, Dkt. 30, is GRANTED; the clerk of court is directed to enter judgment accordingly and close this case.

Entered March 26, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge